IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:25-cr-121(3) |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Ends of Justice Order |
| Jonathan McCluskey, *et al*, | : | |
| | : | |
| Defendants. | : | |

Defendants Jonathan McCluskey, Danielle Calhoun, and Brock Smith were charged with drug trafficking crimes in an 18-count Indictment dated November 20, 2025. (Doc. 17.) Defendant McCluskey and Defendant Calhoun each pleaded guilty to one count of the Indictment on August 4, 2025. (Docs., 48, 49.) Defendant Smith had entered into a Plea Agreement, but the Court suspended his Change of Plea Hearing in progress on August 4, 2026 when he orally moved for the appointment of a new attorney. New counsel was appointed for Defendant Smith on August 5, 2026. The Court held a status conference on September 10, 2026, and counsel jointly requested an additional continuance. The Court held a second status conference on October 28, 2026, and counsel stated that they expect to finalize a new plea agreement soon.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . .

[continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Counsel are continuing to exercise due diligence in this matter. They have agreed to a framework for a new plea agreement, but the AUSA requires additional time to obtain approval from the United States Attorney. Counsel recommended that the Court set a date out for an Initial Appearance and Plea on an Information. The Court finds that the ends of justice served by granting a short continuance outweigh the best interest of the public and Defendant Smith to a speedy trial pursuant to § 3161(h)(7)(B)(i) and (iv).

The Court sets this matter for an Initial Appearance and Plea on an Information for Defendant Smith for Thursday, December 10, 2026 at 2:00 p.m. The dates from October 28, 2026 to December 10, 2026 are excluded from the Speedy Trial Act calculation for Defendant Smith.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge